WRYNN et al. v. PISTOR et al.

(Supreme Court, Appellate Division, Second Department.   November 23, 1910.)

1. PARTNERSHIP (§ 153*)—LIABILITY OF PARTNER.

An innocent partner is liable, in an action for money had and received, for money converted to his own use by a copartner in the course of the partnership business.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 274–277; Dec. Dig. § 153.*]

2. TROVER AND CONVERSION (§ 2*)—ACTION—RIGHT OF ACTION.

An action may be maintained for the conversion of money received in a fiduciary capacity.

[Ed. Note.—For other cases, see Trover and Conversion, Dec. Dig. § 2.*]

3. PARTNERSHIP (§ 153*)—LIABILITY OF PARTNER—TORTS OF COPARTNER.

A fraud committed by a partner, while acting for himself, and not for the firm, cannot be imputed to the firm, so as to make an innocent copartner liable for the fraud, though the wrongdoer could not have committed the fraud, had he not been connected with the firm; so that, where one member of a firm engaged to collect rent converted to his own use rents collected by him and those collected by the other partner and given to him to pay to the landlord, the innocent partner was not liable as for conversion, so as to be subject to execution against the body on his failure to pay it.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 274–277; Dec. Dig. § 153.*]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Simon Wrynn and another against Henry Pistor and another, copartners.  From a judgment for plaintiffs, defendant Levy appeals.  Reversed, and new trial ordered.

Argued before WOODWARD, BURR, THOMAS, RICH, and CARR, JJ.

Max E. Lehman, for appellant.
George R. Holahan, Jr., for respondents.

BURR, J.   The pleadings in this case were oral.  The action is stated to be one for conversion, and it is claimed that such conversion occurred in the course of defendants' employment in a fiduciary capacity, entitling plaintiffs to an order to arrest and a body execution.  Municipal Court Act (Laws 1902, c. 580) § 56, subd. 2.  The judgment entered herein contains the words, "Defendant liable to execution against his person."  Municipal Court Act, § 251.

Henry Pistor and Louis Levy, named as defendants in this action, were copartners in the real estate business.  Levy only was served, and the judgment runs against him alone.  It appears that during the months of December, 1909, and January, 1910, Levy and his partner were employed to collect the rents of plaintiffs' property.  The greater portion of such rents, according to the evidence, was collected by Pistor.  A small portion was collected by Levy; but the evidence is undisputed that the money which Levy collected he turned over to Pistor to deliver to plaintiffs.  Pistor embezzled, not only the amount which

Levy had turned over to him, but the amount which he himself had collected, and absconded. That the defendant Levy, as a member of the firm, would be liable in an action for money had and received, is unquestioned. McFarland v. Crary, 8 Cow. 253. That action was one in assumpsit, and not in trover, as stated by counsel for respondents in his brief. That an action may be maintained for the conversion of money received in a fiduciary capacity, is also established. Britton v. Ferrin, 171 N. Y. 235, 63 N. E. 954; Jackson v. Moore, 94 App. Div. 504, 87 N. Y. Supp. 1101; People ex rel. Zotti v. Flynn, 135 App. Div. 276, 120 N. Y. Supp. 511.

The question in this case is whether in such an action an innocent partner is liable for the tortious acts of his copartner, and must go to jail if he is unable to pay the debt. "Partners are liable for the conversion by a copartner of the property of a third person, if done in the ordinary course of the firm's business. But innocent partners are not liable, when the conversion is not effected in the course of the firm's business, but as an individual transaction of the wrongdoer." 30 Cyc. 525; Battle v. Street, 85 Tenn. 282, 287, 2 S. W. 384; Stokes v. Burney, 3 Tex. Civ. App. 219, 221, 22 S. W. 126. The collection of plaintiffs' rents was within the scope of the partnership business; but the act resulting in the conversion was the individual crime of Pistor, committed without the defendant Levy's knowledge or consent, and from which he derived no benefit. It is true that, if defendants' firm had not been employed to collect plaintiffs' rents, Pistor would not have been in a position to steal them; but "a fraud committed by a partner while acting on his own separate account is not imputable to the firm, although, had he not been connected with the firm, he would not have been in the position to commit the fraud." Andrews v. De Forest, 22 App. Div. 132, 138, 47 N. Y. Supp. 1011, 1015. If a tort is committed by one partner, even though it was made possible by reason of his connection with the performance of partnership business, it may, from its nature or attendant circumstances, be shown to be only a several act. Parsons on Partnership (4th Ed.) 125. The author well illustrates the distinction when he says:

"If two physicians were in partnership, and one intentionally maltreated a patient," the other partner would not be liable; but if one was injured by the negligent act of a firm of physicians, in the course of his business, the other member of the firm would be.

The judgment appealed from should be reversed, and a new trial ordered; costs to abide the event. All concur.