## BOB LANE v. THE STATE.

### No. 9245. Delivered October 21, 1925.

**Threats to Kill—Evidence Held Insufficient.**

Where a landlord enters upon land in possession of his tenant and proceeds to damage the tenants possessions, he is a trespasser and the tenant has the right to order him away. Where an altercation was brought about under such circumstances, and the tenant said to the landlord "God dam you if I catch you on this land any more until 1925 I'll kill you" such a threat is not within the purview of Art. 1445, P. C. A rash expression provoked by an angry altercation in which they are engaged will not constitute the offense of seriously threatening to take life. Following March v. State, 3 Tex. Crim. App. 107, and Bolt v. State, 150 S. W. 431.

Appeal from the County Court of Lamar County. Tried below before the Hon. W. Dewey Lawrence, Judge.

Appeal from a conviction for seriously threatening to take the life of another; penalty, a fine of $100.00.

The opinion states the case.

101 T. C.—38.

*Sturgeon & Sturgeon,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, Judge.—Appellant was convicted in the county court of Lamar county of the offense of threatening to take the life of one R. L. Rose; penalty, a fine of $100.00.

The facts show that the appellant was the tenant of the prosecuting witness, Rose, and that on the 6th of March, after appellant had rented the land hereafter from Rose, and after he had bedded quite a bit of it preparatory to planting it, that the prosecuting witness with other hands went on the premises and began breaking up and removing the land which appellant had bedded and terracing the said land, that the appellant came to where they were at work and told the prosecuting witness to "get their outfit out of here", and that prosecuting witness protested that the land would ruin if he did not terrace it. In order to make the matter clear we quote from the testimony of the witness, Rose:

"I stood and argued with him and he pulled a gun out, he was 12 or 15 feet from me. I said 'Mr. Lane, you would not shoot a man for keeping his land up, would you?' He said, 'Yes, I'd shoot you for two cents.' I said, 'Mr. Lane I did not come over here to damage your land. I came here to terrace this and I will get three men to come in and testify what damages are done and pay you. Yes, that is my farm but I had rented it to the defendant for the year 1924. I was building up the terraces when he drew a gun, I kept my eye on him, he still had his gun out and I said 'Mr. Lane I have no protection, I did not come over here for trouble'. He then started walking off and said, 'God damn you, get out.' I said, 'I have no protection so I will go.' I went over to the boys and said 'come on let's go' and the defendant said, 'God damn you, if I catch you on this land any more until 1925 I'll kill you. I have not been back on the place since. The defendant came to where I was from the house lot at the house, I first saw him driving a team into the lot, then I saw him coming across the field where we were.''

On this testimony appellant was convicted for threatening the life of the witness Rose. Article 1445, of the P. C., provides:

"That a threat that a person will do any act merely to protect himself or to prevent an unlawful act by another does not come within the meaning of this chapter."

We are unable to lead ourselves to the conclusion that the threat detailed by the prosecuting witness does not come within the Article of the Penal Code above quoted. It seems clear to us that the prosecuting witness was a naked trespasser and actually doing injury to

the property of the appellant. In other words, we conclude that the threat, if made, was made for the purpose of preventing the commission of an unlawful act by the prosecuting witness. If the prosecuting witness could destroy the work that the appellant had done in preparing the land for planting then he .could have destroyed the crops for the same purpose after they were raised. We think it clear that his entry on this land at that time was unlawful and that the appellant had a right under the statute above quoted to order him to leave and to stay off of said premises. It is true the appellant was a mere tenant on premises owned by the prosecuting· witness, but under the undisputed testimony his right to the possession of said property was unquestioned and neither the landlord nor any other person had a right to become a trespasser thereon and to thereby destroy the fruits of his labor. Again, it has been held that a rash expression provoked by an angry altercation in which they are then engaged will not constitute the offense of seriously threatening to take life. March v. State,· 3 Tex. Crim. App. 107; Bolt v. State, 150 S. W., 431. We think this case clearly comes within the rule announced in the above cases.

For the reasons above stated, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*