A. L. BROWN v. E. A. JOHNSON.

No. 5063.    Decided January 9, 1929.
(12 S. W., 2d Series, 543.)

*J. W. Lambert* and *Jones & Jones,* for appellant.

Where one rents land from the owner and then makes a contract with a third party by the terms of which he is to furnish the teams, tools, feed and seed and the other is to do the work in making and gathering the crop and when the crop is gathered and sold they are to divide the proceeds of the crop equally, the undertaking is a partnership and the relation of landlord and tenant does not exist and there are no such elements in such a contract as will create the landlord's lien. Revised Statutes of Texas, 1925, Article 5222; Horseley v. Moss, 23 S. W., 1115; Tignor v. Toney, 35 S. W., 881; Rogers v. Frazier Brothers and Co., 108 S. W., 727; Rosser v. Cole, 226 S. W., 510.

*H. D. Garrett* and *Wynne & Wynne,* for appellee.

If the language used imports a present demise of any character by which any interest in the land passes to the occupier, or by which he obtains the right of exclusive possession, the contract becomes one of lease, and the relation of landlord and tenant is created. 38 Cyc., 123; Cry v. J. W. Bass Hardware Co., 273 S. W., 347; Moore v. Grayham, 69 S. W., 200.

Mr. Presiding Judge SHORT delivered the opinion of the Commission of Appeals, Section B.

The following is the statement accompanying the certified question from the Honorable Court of Civil Appeals for the Fifth Supreme Judicial District:

"There is pending on motion for rehearing in the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas the following numbered and entitled cause: No. 9798, A. L. Brown, Appellant, v. E. A. Johnson, Appellee, in which the opinion rendered by said court reversing and remanding said cause is in conflict with opinions rendered by another Court of Civil Appeals in this State on a question of law vital to the determination of the rights of the parties as presented by the appeal of said Cause No. 9798.

### STATEMENT OF THE CASE.

"This suit was begun by appellee, E. A. Johnson, filing affidavit and bond for distress warrant before the Justice of the Peace of Precinct No. 1 of Rains County, Texas, on September 15th, 1925. Distress warrant was duly issued and levied upon six bales of lint cotton and all of the cotton which was then ungathered, estimated

to amount to some four or five bales, constituting the cotton crop of appellant produced on the alleged rented premises. The cause was properly transferred to the County Court of Rains County, Texas, and on the 14th day of October, 1925, appellee filed in said County Court his original petition, in which the following allegations were made:

" 'Plaintiff alleges that on or about the tenth day of January, 1925, he rented to the defendant all those certain premises as follows: (Here follows description of the two tracts of land on which the cotton that was seized by distress warrant was produced) ; that as the consideration for said rental of said premises and in consideration of the hereinafter stipulated covenants and agreements to be performed by plaintiff, the said defendant agreed and promised to produce a corp of cotton and certain other crops on said premises during the year 1925, to prepare said crops for market, to market same, to pay to plaintiff one-half of the proceeds of the sale of said crops. Plaintiff says that he agreed in said rental contract to furnish to defendant the premises on which to produce said crops, to furnish necessary teams and tools, for the cultivation of same, the seed for planting same and to furnish wagon and team for moving said crop to market.

" 'That defendant produced on said premises fifteen bales of cotton of the reasonable value of $1725.60, and other crops of the reasonable value of $176.00, out of which said defendant refused to pay plaintiff any rents, to plaintiff's damage in the sum of $950.00, making the total amount of $950.00 due and unpaid to plaintiff; that to secure the payment of said sum, plaintiff has his landlord's lien on the crops raised on said premises.'

### DISPOSITION BY TRIAL COURT.

"The trial court held that, under the pleadings and testimony, the relationship of landlord and tenant existed, and that the appellee, E. A. Johnson, was entitled to and had a lien upon the crops raised by the appellant, A. L. Brown, on said premises under Article 5222, R. C. S., 1925, and rendered judgment in favor of appellee against appellant for the sum of $943.50, together with foreclosure of landlord's lien on seventeen bales of cotton and cotton seed seized by the distress warrant issued out of said cause; that said cotton be sold as under execution and directing the issuance of order of sale for that purpose, followed by the usual provisions directing the application of the funds arising from the

sale of said property and for the issuance of execution in favor of appellee for any remainder that may be due in the event said property should fail to bring an amount sufficient to satisfy said judgment.

## FACTS.

"In December, 1924, appellee rented the land involved in this suit from one, Frank Hooks and the Abbott Estate for the year 1925, and agreed to pay as rent for said land one-third of all grain, and one-fourth of all the cotton raised thereon. That appellee, of his own volition, entered into a contract with appellant for him to cultivate said land during the year 1925, the terms of said contract being as follows: appellee was to furnish to appellant the land, teams, tools and seed for the cultivation of said land, and appellant was to cultivate the land, gather and sell the crops therefrom, and when crops were sold, appellee was to receive from appellant one-half of the proceeds arising from such sale. The crops were not to be divided in kind.

## CONFLICT.

"This court held under the above facts that the relationship of landlord and tenant did not exist but that the contract under which the land was cultivated by appellant made them tenants in common as to the crops produced on said land; in other words, they were share croppers, each owning in his own right an undivided one-half interest in the crops raised on the alleged rented premises. To the contrary is the holding, on a similar state of facts, by another Court of Civil Appeals of this State, in the following cases: Turner v. First National Bank of Sulphur Springs, 234 S. W., 928; Cry v. Bass Hardware Co., 273 S. W., 347.

## QUESTION.

"Under the pleadings and evidence in this cause, did the trial court err in holding that the relationship of landlord and tenant existed between the appellee, E. A. Johnson, (the tenant of the owners of the land on which the crops were grown) and the appellant, A. L. Brown (the grower of such crops under his contract with appellee)?

"The decision of this question is in our judgment necessary for the proper determination of the motion for rehearing pending in said cause. Therefore, on account of the decision of this court conflicting with that of another Court of Civil Appeals in this State on

the question of law involved in said motion for rehearing, and this court refusing to concur with the conflicting opinions rendered in the above reported cases, we herewith transmit the question of law involved in the form of the question herein submitted, duly certified, together with the opinion of this court and the record in the instant cause, to the Supreme Court for its adjudication."

It is our opinion that the question propounded must be answered in the affirmative under the facts stated in the certificate. The relation of landlord and tenant is a question of fact like that of possession and may be proved by parol evidence. Likewise the alleged relation may be thus disproved. To sustain an action for rent the relation of landlord and tenant must exist. Brown v. Engel, 2 Willson, Civil Cases, par. 103. To create the relation of landlord and tenant no particular words are necessary, but it is indispensable that it should appear to have been the intention of one party to dispossess himself of the premises and of the other to occupy them. According to the certificate the legal rights of the appellee, E. A. Johnson, are wholly dependent upon a proper construction of the Landlord and Tenant Act as expressed in Articles 5222–5239. Those rights are primarily based upon the contract he made with the owners of the fee to the lands cultivated by the appellant. This contract gave to appellee the exclusive possession of these lands with the right to use them during the term of his contract for the purpose of planting, cultivating and raising agricultural products. The relation of landlord and tenant between himself and the owners of the fee was established by virtue of the terms of this contract. During the term of his lease the owners of the fee had no right of entry thereon, the exclusive right of possession being in the appellee. The statute prohibits a person occupying the position of the appellee from renting or leasing lands during the term of the original lease to any other person without first obtaining the consent of the landlord, his agent or attorney. The statement in the petition does not contain any fact of this consent having been obtained. Without this consent one holding premises under a sub-letting is a trespasser and occupies the attitude of a stranger to the landlord. Sansing v. Risinger, 2 Willson, App. C. C., par. 713; Brown v. Pope, 27 Texas Civ. App., 225, 65 S. W., 43; Markowitz v. Greenwall Theatrical Circuit Co., 75 S. W., 76; Stokes v. Burney, 3 Texas Civ. App., 219, 22 S. W., 126.

A casual reading of our Landlord and Tenant Law demonstrates that one of the essentials of a valid leasing of premises whereby the

relation of landlord and tenant is established is that exclusive possession of the premises rightfully belonging to one party is transferred to another, and thus the relation of landlord and tenant is established. As said by the Court of Criminal Appeals in Lane v. State, 10 Texas Crim., 593, 276 S. W., 712:

"It is true the appellant was a mere tenant on the premises owned by the prosecuting witness, but, under the undisputed testimony, his right to the possession of said property was unquestioned, and neither the landlord nor any other person had a right to become a trespasser thereon and to thereby destroy the fruits of his labor."

A tenant is under two sorts of obligations to his landlord, one arising from privity of estate and the other from stipulations of the lease. Here under the facts stated in the certificate the appellant had no privity of estate with the appellee. Neither did he have the right of exclusive possession to the premises. He had the right of entry thereon, but not an exclusive one. The subject matter of the original contract between the owners of the fee and the appellee was the possession for the length of time mentioned in the contract of the land described, for certain purposes. In order to carry out these purposes the appellee made a contract with the appellant to do certain things. This contract made them quasi partners in the enterprise, and gave to each equal rights to use the property in carrying out the purposes of the enterprise. None of the elements of the Landlord and Tenant Act are to be found in the relation of the parties growing out of this contract, and as the appellee sought to exercise the rights given by the law to a landlord against a defaulting tenant in this case, when under the circumstances he was not entitled to do so, it follows that the proceedings were wrongful and the appellee acquired no rights thereunder, as a landlord, by virtue of the terms of the Landlord and Tenant Act.

The Court of Civil Appeal in Cry v. J. W. Bass Hardware Company, 273 S. W., 350, very correctly says:

"The distinction between a mere cropper and a tenant, entitling the tenant to a homestead right in the premises, is clear. One has the possession of the premises for a fixed time exclusive of the landlord, the other has not. The possession of the land is with the owner as against the mere cropper, because a mere cropper is in the status of an employee, one hired to work the land and to be compensated by a share of the crop raised, with the right only to ingress and egress on the property. This is not so as to the tenant, who has a substantial right in the land itself for a fixed time."

According to the facts stated in the certificate the appellant was a mere cropper. He was not in any sense a tenant. The appellee was not his landlord. He was rather his employer. The appellee having made a contract with the appellant by the terms of which the appellant was given the right to share the crops grown on the land, the remedy given by the law to the appellee under the facts stated in the record is not to be found in the Landlord and Tenant Act. Yet, he has sought to invoke this remedy, mistaking it for perhaps another which under his claim he might have successfully invoked.

Believing that under the pleadings and evidence in this case the trial court erred in holding that the relationship of landlord and tenant existed between the parties, we recommend that an affirmative answer be given to the question stated in the certificate.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

*C. M. Cureton*, Chief Justice.