**KELLEY MANUFACTURING COMPANY, Appellant,**

v.

**E. J. ROHRT et al., Appellees.**

**No. 15761.**

Court of Civil Appeals of Texas.

Dallas.

Feb. 24, 1961.

Rehearing Denied March 24, 1961.

Turner, White, Atwood, Meer & Francis, and Lancaster Smith, Dallas, for appellant.

McNees & McNees, James L. McNees, Jr., Dallas, for appellees.

DIXON, Chief Justice.

Kelley Manufacturing Company, appellant, brought this suit against E. J. Rohrt, Earl Dwelle and Earl Dwelle, Jr., appellees, alleging breach of a lease contract.

Most of the facts have been stipulated. On November 3, 1956 appellant as landlord entered into a written contract with appellees whereby appellees as tenants leased premises known as 2050 Irving Boulevard, Dallas, Texas, for a term slightly over two years for a consideration of $7,770, with a first payment of $270 and a last month's payment of $300, payable at the time of execution of the contract, and the balance payable at the rate of $300 per month in advance during the rest of the lease term.

Appellees made all required payments up to and including May 1, 1958. On July 7, 1958 appellant through its agent wrote a letter to appellees, the body of which letter was as follows:

"Inasmuch as rent for the captioned property has not been received, we have been instructed to give you official notice of such default and the intention of the lessor to declare the lease forfeited. This notice fulfills the requirements set forth in Paragraph 8 of the lease contract."

Material parts of Paragraph 8 of the lease contract were as follows:

"* * * in case of default in any of the covenants herein, Lessor may enforce the performance of this lease in any modes provided by law, and this lease may be forfeited at Lessor's discretion if such default continues for a period of ten days after Lessor notifies said Lessee of such default and his intention to declare the lease forfeited,

such notice to be sent by the Lessor by mail or otherwise to the demised premises; and thereupon (unless the Lessee shall have completely removed or cured said default) this lease shall cease and come to an end as if that were the day originally fixed herein for the expiration of the term hereof, and Lessor, his agent or attorney shall have the right, without further notice or demand, to re-enter and remove all persons and Lessee's property therefrom without being deemed guilty of any manner of trespass, *and without prejudice to any remedies for arrears of rent or breach of covenant;* or Lessor, his agent or attorney may resume possession of the premises and re-let the same for the remainder of the term at the best rent Lessor, his agent or attorney may obtain, for account of the Lessee, who shall make good any deficiency; * * *. If, on account of breach or default by Lessee of any of Lessee's obligations hereunder, it shall become necessary for the Lessor to employ an attorney to enforce or defend any of Lessor's rights or remedies hereunder, then, in any such event, any reasonable amount incurred by Lessor as attorney's fee shall be paid by Lessee." (Emphasis ours.)

On July 15, 1958, appellees paid to appellant through appellant's agent the sum of $300, which represented only the rental due on June 1, 1958. Appellees made no further payments.

On July 31, 1958 appellees through their attorney addressed a letter to appellant the material parts of which letter were as follows:

"The Dwelle Electronics Company has handed to me your letter addressed to them under date of July 7, 1958, which letter was delivered to it by certified mail. * * * This is to advise you and your principal that inasmuch as the lessee, Dwelle Electronics Company has been unable to completely

cure such default within ten days after such notice, that, therefore, the said Lessee, Dwelle Electronics Company, considers that the lease ceased and came to an end on July 17, 1958, as if that were the day originally fixed in the lease contract for the expiration of the term of such lease, as is expressly set forth in said paragraph 8 of the lease contract. This is to further advise that the Dwelle Electronics Company no longer occupies the premises."

On July 1, July 7, and July 17, 1958, appellees were financially able to pay the rental installment due and owed.

Thereafter appellant relet the premises to another tenant for a portion of the lease term from July 1, 1958 to December 31, 1958 for the sum of $650. The amount originally contracted for during this period totaled $1,800, less the $300 paid at the time of execution of the contract. Appellant incurred an expense of $32.50, which was paid to a real estate agent to cover the cost of reletting the premises.

Appellant through its agent made demand for payment after appellees had vacated the premises, but appellees failed and refused to pay the rent due July 1, 1958 and thereafter.

Suit was filed January 27, 1959. On December 11, 1959 judgment was rendered in appellees' favor that appellant take nothing.

However, it had been agreed in open court that the court might fix the amount of reasonable attorney's fee which would be allowed if appellant should be successful in its suit. The court found that $225 would be a reasonable attorney's fee.

Appellant's one point on appeal is as follows:

"The Court failed to distinguish between the dual nature of privity of estate and privity of contract in the lease agreement and thereby erred in holding that the Defendant was re-leased from contractual liability because of the accelerated termination of the lease estate."

■■ We must sustain appellant's point on appeal. A lease contract such as that entered into by the parties in this case is of a dual nature. It creates both a privity of estate and a privity of contract. Cessation of the privity of the estate brought on by the wrong of the tenant does not necessarily relieve the tenant of his contractual obligation under the lease agreement to pay rent. Dearborn Stove Co. v. Caples, 149 Tex. 563, 236 S.W.2d 486; Brown v. Johnson, 118 Tex. 143, 12 S.W.2d 543, 545; 27 Tex.Jur. 63. We hold that the tenant in this case was not relieved of his obligation to pay rent.

Appellees rely on the terms in the lease which provide that after the lessor notifies the lessee of lessee's default and lessor's intentions to declare the lease forfeited, the lease "shall cease and come to an end as if that were the day originally fixed herein for the expiration of the term hereof."

Lifted out of context the above provision would seem to support appellees' contention. But we cannot ignore the provisions in Paragraph 8 immediately following, which provisions give the lessor a right upon default to re-enter the premises, but expressly state that lessor's doing so shall be *"without prejudice to any remedies for arrears of rent or breach of covenant."* (Emphasis ours.)

To interpret the terms of the contract as appellees would have us do would be to allow appellees to benefit from their own wrong, and would render meaningless the portion of Paragraph 8 last quoted.

It is undisputed that appellant gave appellees the notice called for in the contract, that appellees failed to cure the default, that appellant then exercised its forfeiture option pursuant to the terms of the lease, and thereafter mitigated the damages by

reletting the premises for the remainder of the term.

Appellant is entitled to judgment for $1,-800 unpaid rent, less $300, the last month's rent paid at the time the contract was executed, less $650 realized from the reletting of the premises, plus $32.50 expenses incurred in the reletting, plus $225 attorney's fee, a total of $1,107.50.

The judgment of the trial court is reversed and judgment is here rendered that appellant recover from appellees, jointly and severally, the sum of $1,107.50, plus interest at 6% from July 1, 1958 to the date of this judgment, plus 6% interest per annum on said judgment, and all costs of suit.