Edward **VALLEJO**, III, d/b/a **Super V Mini Mart, Petitioner,**

v.

**PIONEER OIL COMPANY, Respondent.**

No. C–6965.

Supreme Court of Texas.

Feb. 3, 1988.

Randy M. Clapp, Duckett, Bouligny, Collins, Clapp & Collins, El Campo, for petitioner.

Allen L. Hendelman, Morris & Hendelman, Fort Worth, for respondent.

PER CURIAM.

Edward Vallejo, III, doing business as the Super V Mini Mart, filed this action for declaratory judgment against Pioneer Oil Company. Vallejo sought a declaration of his rights and obligations under a written agreement between Pioneer and Vallejo's predecessors in interest. This contract, entitled a "Lease and Operating Agreement," provided that Pioneer, as "Lessee," would install a self-service gasoline operation on the premises of a convenience store owned by "Lessors," and that the "Lessors" would sell exclusively Pioneer's gasoline in exchange for a percentage of the dollar sales and a fixed monthly "rent." The "Lessors" subsequently sold the convenience store to Vallejo, who then sought to enter into an agreement with another gasoline distributor. Pioneer would not consent to this arrangement, and Vallejo sought a declaratory judgment to the effect that the agreement was not a lease, but merely a personal contract binding only upon its signatories.

The trial court agreed with Vallejo, and held that the "Lease and Operating Agreement" was a lease in name only and not binding upon Vallejo. The court of appeals reversed and rendered judgment for Pioneer, holding that the agreement was a lease. 736 S.W.2d 227. We grant Vallejo's application for writ of error and without hearing oral argument, reverse the judgment of the court of appeals and remand the cause for further consideration. TEX. R.APP.P. 133(b). The judgment of the court of appeals conflicts with the decision of this court in *Brown v. Johnson*, 118 Tex. 143, 12 S.W.2d 543 (1929). Under our holding in *Brown*, the agreement in question is not a lease.

The agreement between Pioneer and Vallejo's predecessors contains many terms pertinent only to the operation of the business. These terms are, of course, not relevant to the issue we confront. We set forth a greatly abbreviated version of the agreement, containing only the salient terms:

LEASE AND OPERATING
AGREEMENT

THE STATE OF TEXAS
COUNTY OF WHARTON
  KNOW ALL MEN BY THESE PRESENTS:
  THAT THIS AGREEMENT made herewith on the 1st of January, 1971, by and between Jakie [sic] Conner and Harold Conner, hereinafter called LESSORS, and PIONEER OIL COMPANY, BRAZOS DIVISION, hereinafter called LESSEE:

WITNESSETH:

1. That LESSEE shall install and operate a self service gasoline installation on the property of LESSORS. Said property being situated in the City of El Campo, Wharton County, Texas, and described legally as follows: [property description omitted].

2. EQUIPMENT: LESSEE agrees to furnish and install the following equip-

ment at no cost to LESSORS: [equipment list omitted].

. . . . .

N. Ownership of equipment will always be held by PIONEER OIL COMPANY, BRAZOS DIVISION, LESSEE herein, or its assigns. LESSEE reserves the right to come on premises to check equipment, inventory, or the operation or for any other legitimate purpose relating to this Agreement.

3. GASOLINE: A high grade of regular and *premium* gasoline will be delivered to underground storage tanks by company or companies designated by LESSEE. The gasoline will at all times remain the property of LESSEE. LESSORS will order gasoline by calling LESSEE collect.

. . . . .

5. LEASE AGREEMENT: For collecting the money for gasoline sales, depositing said money in the bank, daily mailing of check or money order, and submitting a simple daily report to LESSEE, BOTH PARTIES AGREE AS FOLLOWS:

A. For an initial term of FIVE (5) years (with options hereinafter described) beginning on the 1st day of January, 1971, and ending on the 31st day of December, 1975, paying therefore [sic] the sum of Twelve Thousand and No/100 DOLLARS ($12,000.00), payable in monthly installments of Two Hundred DOLLARS ($200.00) per month, plus 2% of month's dollar sales. The receipt of $400.00 for the first two months rent is hereby acknowledged by LESSORS. Such rental payment being due and payable on the 1st day of each month during the term of this lease, or any renewal thereof....

B. LESSEE is granted the option to renew this lease, on the same terms and conditions for FIVE (5) additional periods of FIVE (5) years each, at the following rental: [omitted].

If all options are exercised, the total term of this lease and all option periods shall be 30 years.

. . . . .

14. ADDITIONAL TERMS:

A. It is understood that the premises leased are presently a convenience store. LESSEE shall have the right to make any improvements or alterations on LESSEE'S equipment on the premises during the term of this lease or any renewal thereof. All improvements installed or constructed on the premises by the LESSEE shall always remain the personal property of the LESSEE, and shall not become a part of the realty hereof, or a fixture hereon, and it is understood and agreed that all of said equipment may be removed by LESSEE on termination of this lease.

B. On termination of this lease, LESSEE agrees to leave the premises in as good condition as when originally leased, normal wear and tear accepted [sic].

C. If, during the term of this lease, or any renewal thereof, LESSOR receives a bonafide offer to purchase the premises which offer LESSOR wishes to accept, LESSOR shall be obligated first to notify LESSEE in writing of such offer, and LESSEE shall then have seven days from the receipt of such written notice in which to exercise LESSEE's first right of purchase or refuse to purchase the premises at said offered price, and only after the expiration of said seven-day period can LESSOR proceed to accept the offer and sell the premises to such original bonafide offeror, and then such sale shall be subject to the terms of this lease or any renewal thereof.

D. LESSEE shall have the right to sublease and or assign its operation on the premises.

The court of appeals correctly concluded that this instrument contains many of the prerequisites of a valid lease. It defines the extent and boundary of the property involved, provides a definite and agreed term, and fixes a definite and agreed price and manner of payment. *Cf., Wilson v. Wagner*, 211 S.W.2d 241, 243-44 (Tex.Civ. App.—San Antonio 1978, writ ref'd n.r.e.). However, what is conspicuously absent from this agreement is a granting clause.

This agreement contains no terms which reflect an intention on the part of the "Lessor" to transfer an interest in and possession of the property it describes. As we stated in *Brown:*

> To create the relationship of landlord and tenant, no particular words are necessary, but it is indispensable that it should appear to have been the intention of one party to dispossess himself of the premises and of the other to occupy them.

12 S.W.2d at 545. No terms of this agreement conferred upon Pioneer a right to possess the premises described therein. In the absence of such terms, the agreement does not constitute a lease.

The judgment of the court of appeals is reversed, and the cause is remanded to that court for consideration of Pioneer's other points of error.