MEMORANDUM OPINION


No. 04-04-00934-CV

MR. W FIREWORKS, INC.,
Appellant

v.

ALAMO FIREWORKS, INC.,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2004-CI-18677
Honorable Fred Shannon, Judge Presiding



 
Opinion by:    Sarah B. Duncan, Justice
 
Sitting:            Alma L. López, Chief Justice
Sarah B. Duncan, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   September 14, 2005

REVERSED AND REMANDED
            Mr. W Fireworks appeals the trial court’s order denying its application for a temporary
injunction and enjoining it from undertaking certain actions with respect to the real property in
dispute. We reverse the trial court’s order and remand the cause to that court for further proceedings
consistent with this opinion.
Factual and Procedural Background
            In May 2003, a horse farm operator was leasing all of a 102-acre tract bordering Interstate10
except one 100’ x 100’ corner, which was fenced off from the remainder of the 102-acre tract. That
month Alamo Fireworks, Inc. signed a lease in which the granting clause described the entire 102-acre tract as the property being conveyed but limited Alamo’s occupancy to the 100’ x 100’ corner
– all that was needed by Alamo to conducts its business. The lease also provided that Alamo would
have the exclusive right to sell fireworks on the entire 102-acre tract, thus protecting Alamo from
a competitor using any part of the 102-acre tract other than the 100’ x 100’ corner for the sale of
fireworks during the term of the lease. Alamo’s lease provided that it would automatically terminate
if “all of the leased property” were sold.
            In November 2004, Mr. W Fireworks, Inc. bought five acres of the 102-acre tract, including
the 100’ x 100’ corner leased by Alamo. When Alamo refused to vacate the corner, Mr. W filed this
suit for an injunction. Alamo answered and counterclaimed for an injunction. The trial court
concluded that Mr. W’s purchase of the five-acre tract that included the 100’ x 100’ corner did not
terminate Alamo’s lease because Alamo had leased the entire 102-acre tract. The trial court thus
denied Mr. W’s request for a temporary injunction and granted Alamo’s, enjoining Mr. W from
selling fireworks on its five-acre tract or otherwise interfering with Alamo’s business and possession
of the leased premises. Mr. W appealed. 
DISCUSSION
            Mr. W argues the trial court abused its discretion in denying its application for a temporary
injunction because the court erroneously concluded that Alamo leased the entire 102-acre tract and
that Alamo’s lease did not terminate when Mr. W purchased the five acres containing the 100’ x
100’ corner occupied by Alamo. We agree.
            In their briefs, Mr. W and Alamo agree the lease is unambiguous. We agree. The construction
of an unambiguous lease is a question of law that we review de novo. MCI Telecomms. Corp. v. Tex.
Utils. Elec. Co., 995 S.W.2d 647, 650-51 (Tex. 1999). Our primary duty in construing a lease is to
ascertain the intent of the parties as is expressed in the agreement. Anadarko Petroleum Corp. v.
Thompson, 94 S.W.3d 550, 554 (Tex. 2002). In doing so, we consider the wording of the lease in
light of the surrounding circumstances and apply the rules of construction to determine its meaning.
Sun Oil Co. (Del.) v. Madeley, 626 S.W.2d 726, 731 (Tex. 1981). These rules require us to examine
the entire lease and attempt to harmonize all its parts. Anadarko, 94 S.W.3d at 554. We also presume
the parties know the law and intend their contract to have legal effect. Foard County v. Sandifer, 105
Tex. 420, 151 S.W. 523, 524 (1912). Therefore, if a lease is susceptible to two constructions, one
of which would render it valid and enforceable and the other of which would render it unenforceable,
the construction validating it must prevail. Harris v. Rowe, 593 S.W.2d 303, 306 (Tex. 1979).
            On appeal, we review the trial court’s ruling on an application for a temporary injunction
under an abuse of discretion standard. Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993);
Anadarko, 94 S.W.3d at 554. “With respect to resolution of factual issues,” the trial court abuses its
discretion if the record establishes it “could reasonably have reached only one decision,” and it fails
to do so. Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). However, “[a] trial court has no
‘discretion’ in determining what the law is or applying the law to the facts. Thus, a clear failure by
the trial court to analyze or apply the law correctly will constitute an abuse of discretion ....” Id. at
840.
            Mr. W argues Alamo leased only the 100’ x 100’ corner and not the entire 102-acre tract
because the lease granted Alamo exclusive possession of only the 100’ x 100’ corner, not the entire
tract. We agree. It is well-settled that a lease is valid only if it confers upon the lessee the right to
exclusive possession or occupancy of the premises described in the granting clause. Vallejo v.
Pioneer Oil Co., 744 S.W.2d 12, 14-15 (Tex. 1988); Brown v. Johnson, 118 Tex. 143, 12 S.W.2d
543, 545 (1929); see Johnson County Sheriff’s Posse, Inc. v. Endsley, 926 S.W.2d 284, 285 (Tex.
1996) (equating“possession” and “occupancy” in the lease context). Here, the granting clause
described the entire 102-acre tract but limited Alamo’s occupancy to the 100’ x 100’ corner. Because
the granting clause did not confer upon Alamo the right to exclusive possession of the described
premises (the entire 102-acre tract) but only a portion of it (the 100’ x 100’ corner), we hold the lease
conveyed to Alamo the portion it had the exclusive right to occupy: the 100’ x 100’ corner.
            Alamo argues, however, that the plain language of the granting clause granted it a leasehold
estate in the entire 102-acre tract with conditions of occupancy – a permissible conveyance because
Texas law permits a landowner to lease the same land to different lessees for different purposes. As
support for its argument, Alamo directs us to the example of a landowner who leases her land to one
person for ranching and to another person for hunting or mineral development. However, what we
colloquially call a “hunting lease” is not a lease; it is a license, which does not convey an interest in
property. Digby v. Hatley, 574 S.W.2d 186, 190 (Tex. Civ. App.–San Antonio 1978, no writ); Kibbin
v. McFaddin, 259 S.W. 232, 234 (Tex. Civ. App.–Beaumont 1924, writ ref’d). Similarly, a “mineral
lease” “is a not a ‘lease’ in the traditional sense”; it is a conveyance of a fee simple determinable
interest in subsurface minerals. Natural Gas Pipeline Co. of Am. v. Pool, 124 S.W.3d 188, 192 (Tex.
2003).
            Alamo also argues that resolution of this appeal rests not upon what the lease conveyed but
on what the parties intended in the lease provision providing that the lease would automatically
terminate if “all of the leased property” were sold. But this puts the cart before the horse. To
determine the meaning of the “leased property” in this provision, we must first determine what
leasehold estate was conveyed. Alamo also argues that, had it meant to lease only the 100’ x 100’
corner, the granting clause would have so stated. However, the converse is also true: If the lease
conveyed to Alamo a leasehold interest in the entire 102-acre tract, the granting clause would not
contain the occupancy restriction.
            Alamo also argues that construing “property” and “tract” in the lease as the 100’ x 100’
corner leads to internal inconsistencies within the lease and renders meaningless the lease provision
granting Alamo the exclusive right to sell fireworks “to the entire tract of property” because it
permits the owners to lease all but the corner to Alamo’s competitors. However, internal
inconsistencies also exist under Alamo’s interpretation. For instance, the lease requires Alamo to
restore the “property” at the end of the lease. If the “property” refers to the entire 102-acre tract,
Alamo must restore property that it did not and could not legally occupy. Moreover, if the parties
intended to convey to Alamo a leasehold estate encompassing the entire 102-acre tract, why did the
lease include a provision granting Alamo the exclusive right to sell fireworks? 
            We hold the lease is susceptible to only one construction that is reasonable, renders the lease
valid and enforceable, harmonizes all its parts, and reflects the parties’ intent as expressed in the
agreement in light of the surrounding circumstances: Alamo leased the 100’ x 100’ corner only.
Accordingly, the purchase of that corner by Mr. W terminated Alamo’s lease.
Conclusion
            Because Alamo leased only the corner and not the entire 102-acre tract, Mr. W’s subsequent
purchase of the corner terminated Alamo’s lease. We therefore hold the trial court abused its
discretion in denying Mr. W’s application for a temporary injunction, reverse the trial court’s order,
and remand the cause to the trial court for further proceedings consistent with this opinion.
 
Sarah B. Duncan, Justice