Mount Calvary Missionary Baptist Church v. Morse Street Baptist Church

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-147-CV

MOUNT CALVARY MISSIONARY APPELLANT

BAPTIST CHURCH A/K/A MOUNT 

CALVARY BAPTIST CHURCH 

V.

MORSE STREET BAPTIST CHURCH APPELLEE

------------

FROM THE PROBATE COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION ON REHEARING
(footnote: 1)

------------

After
 
reconsidering our prior opinion on appellant’s motion for rehearing, we grant the motion, withdraw our opinion and judgment dated April 28, 2005, and substitute the following.

I.  Introduction

In what is denominated two issues, but in fact appears to be five separate issues, Mount Calvary Missionary Baptist Church a/k/a Mount Calvary Baptist Church (hereinafter “Mount Calvary”) complains of the trial court’s grant of summary judgment to Morse Street Baptist Church (hereinafter “Morse”) and an award of attorney’s fees in connection with an adverse possession claim by Morse.  We affirm as to the granting of Morse’s motion for summary judgment, but reverse as to the award of attorney’s fees.

II.  Background

The genesis of this lawsuit was a split in the membership of Mount Calvary in the 1980s, resulting in two separate congregations.  At the time of the separation, the Mount Calvary worship facility apparently was being constructed, at an expense of more than $275,000, and was around 85% complete.  One result of the congregational separation was a lawsuit filed by Mount Calvary and certain individuals named as directors of Mount Calvary against “Mount Calvary Baptist Church of Denton, Texas a/k/a Morse Street Baptist Church” and certain individuals identified as trustees of Morse.  On July 30, 1990, the judge of the 16th District Court of Denton County signed an agreed judgment that provided that the Mount Calvary plaintiffs would retain the name “Mount Calvary Baptist Church” and that certain parsonage property “described as Lot 2, Block 1, amended plat of the Jasper Addition of Denton County, Texas” would be quit-claimed by Morse to Mount Calvary.  The July 1990 agreed judgment further provided that the property known as the Mount Calvary Baptist Church on Prairie Street described as “Lots 1, 2, and 3, Block 7, amended plat of the Jasper Addition of Denton County, Texas . . . shall be the property of the Mount Calvary Baptist Church, and the Morse Street Baptist Church has, and shall have, no interest in the same.” 

On July 17, 2002, Morse sued Mount Calvary, claiming in excess of ten years’ adverse possession of the property designated as “Lot 1, Block 1, Mount Calvary Baptist Addition, an addition to the City of Denton, Texas” commonly known as 921 Morse Street, Denton, Texas, wherein “[r]ecord title to the aforementioned realty is possessed by Defendant [Mount Calvary].”  Morse also requested attorney’s fees pursuant to the Uniform Declaratory Judgment Act.  Mount Calvary filed a counterclaim to quiet title, asserting that it was the owner of the property in question, asserting that Morse had no interest or claim to such property, and requesting damages of $300,000.  Mount Calvary also denied Morse’s allegations in a separately filed original answer. 

Following initial discovery by the parties, Morse filed a motion for summary judgment on June 4, 2003.  Attached to the summary judgment motion was an affidavit by attorney Charles Beachley setting forth his legal background, a request for attorney’s fees in the amount of $9,243.75, and bills supporting his request.  The only other summary judgment evidence submitted was an affidavit by Mary Roberson and the agreed judgment from the 1990 litigation.  In addition to recounting a brief history of the split in the congregation, Roberson stated as follows:  

Morse Street Baptist Church has, for over ten years prior to filing the above styled and numbered cause, maintained one or more obvious signs on the premises, labeling it Morse Street Baptist Church.  Morse Street Baptist Church has paid the mortgage, utilities, taxes, and fees for the premises for over ten years.  Morse Street Baptist Church has, for over ten years, been responsible for maintenance, repairs, and salaries connected to the premises and the operation thereof.  We have publicized events on the premises in the name of Morse Street Baptist Church.  We are and have been separate.  In regard to ownership and control of our church property, we are and have been adverse to Mount Calvary Baptist Church for over ten years. 

Subsequent to the filing of this summary judgment, an “AMICUS CURIAE BRIEF AND ANSWER TO MOTION FOR SUMMARY JUDGMENT,” with numerous attachments, was filed by a “[f]riend of the [c]ourt, L. Y. JONES, private citizen.”  This was stricken by the trial court and is not before this court.  

On July 15, 2003, Mount Calvary responded to the motion for summary judgment and attached as summary judgment evidence Morse’s response to Mount Calvary’s request for admissions; a copy of the previously discussed agreed judgment; affidavits from Carolyn J. Phillips, Rev. L. E. Lawson, Harold Williams, Sr., and Huey P. Mitchell; and a May 17, 2002 letter to “Pastor Lawson” from Senior Pastor “A.R. Stokes.”  An examination of the attachments to the response yields the following paraphrased affidavit evidence:

(1) Carolyn J. Phillips:

Roberson’s statement that for ten years members of both churches had recognized the ownership of the property at 921 Morse Street by the Morse members is not a true statement.  Mount Calvary holds the deed to 921 Morse and has not abandoned its claim to owning the property. 

(2) Rev. L.E. Lawson:

The statements set out in Roberson’s affidavit are incorrect and false in several respects.  No one in Mount Calvary has ever believed the people attending church at Morse owned the property at 921 Morse Street.  Mount Calvary is the record title holder for the property, and the July 1993 agreed judgment, which members of Morse approved, shows the ownership of Mount Calvary was not disputed.  Morse members, prior to the agreed judgment and following the signing of such document, never challenged Mount Calvary’s ownership of the property.  Only in 2001 did members of Morse approach Mount Calvary and request that it deed the property to Morse, which Mount Calvary refused to do.

(3) Harold Williams, Sr.:

The members of Mount Calvary raised more than $200,000 to build the Morse Street property for which Mount Calvary still holds the deed and legal title.  It is common knowledge among members of both groups that Mount Calvary owns the property.  Williams attended several functions at the 921 Morse Street property, along with many other members of the Morse and Mount Calvary churches, and there has not been any hostile or adverse occupation or use of the property.  For more than ten years, the members of Morse have known that Mount Calvary owned the property and they never did anything that rebutted or challenged  Mount Calvary’s title to the property.  Only recently, in 2001, did anyone come forward from the Morse group requesting that Mount Calvary and Morse clear up the ownership matter.  The Morse group has held itself out as Mount Calvary Baptist Church a/k/a Morse Street Baptist Church.

Finally, on July 18, 2003, Morse filed a reply to Mount Calvary’s summary judgment response, objecting to certain portions of the affidavits from Mount Calvary without attaching any new summary judgment evidence on Morse’s behalf.  On August 4, 2003, Mount Calvary filed a supplemental response attaching an affidavit from Harold Christopher Mitchell, Jr.  In pertinent part, the affidavit stated as follows:

Roberson’s statement that members of both churches for ten years recognize the ownership by Morse Street of the property at 921 Morse Street by the Morse Street members, is not a correct and accurate statement . . . . I never heard the minister of Morse Street or deacons or other church members state that the property was owned by Morse . . . . Some time after 1990, I became the church musician for the church known as Morse Street Baptist Church, and continued to function in that position until the year of 1997 . . . . As Church musician for Morse Street I never observed any hostile or adverse possession of the property at 921 Morse Street by the church leaders of Morse Street against members of Mount Calvary Baptist Church.  The Mount Calvary Baptist Church members were, from my observation, always welcome . . . . Both congregations held joint or combined worship services at the Morse Street church between the year of 1990 and 1997.  Joint services were held at least two or three times in the years or [sic] 1993 or 1994. 

On August 11, 2003, the court considered the motion for summary judgment and associated filings.  The court overruled an objection to Mitchell’s affidavit and overruled a motion to strike Roberson’s affidavit.  An order issued by the court stated that, “[a]lthough not granting the requested Summary Judgment, the Court denies the same without prejudice to the refiling of an enhanced or expanded motion.”  It also made the following findings, pursuant to Rule 166a(e) of the Texas Rules of Civil Procedure:

Over ten years ago, Plaintiff [Morse] and Defendant [Mount Calvary] were adverse parties in litigation in the 16th District Court, Denton County, Texas, and . . . the agreed judgment in that case has been filed with the Court and of which the Court takes judicial notice; and

The prior litigation in the 16th Judicial District Court concerned rights and duties in and in reference to the land herein in controversy as well as realty on East Prairie Street (which went to [Mount Calvary]);
(footnote: 2) and

[Mount Calvary] never brought an ejectment or eviction action against [Morse] after conclusion of that prior litigation; and

[Morse] has, for the ten years prior to the filing of the above styled and numbered cause, maintained signs on the premises herein in controversy labeling the premises as Morse Street Baptist Church; and

[Morse] and [Mount Calvary] have operated as separate entities for in excess of ten years.

These matters shall be taken as conclusively established herein.  

The order was signed September 30, 2003 and entitled “ORDER UNDER RULE 166A, TEXAS RULES OF CIVIL PROCEDURE.” 

As allowed by the trial court’s order, Morse filed its second motion for summary judgment on September 15, 2003, attaching additional evidence in the form of affidavits from Rev. A.R. Stokes, Tanya Jahwar, Edward Ingram, Jr., Mary Robinson, and Harry Eaddy; an application for an employer identification number along with notice of the assigned number; a letter from John E. Baines, P.C.; a payroll tax liability chart and other documents associated with that liability; and an affidavit from Charles E. Beachley setting forth his legal qualifications and asking for $16,196.50 in attorney’s fees with supporting documentation.  The affidavit testimony included the following pertinent paraphrased summary judgment evidence:

(1), (2) A.R. Stokes and Tanya Jahwar:

In dealing with these organizations [Denton Baptist Association, Baptist General Convention of Texas, North Texas Baptist Conference Center, and Southeast Denton Ministerial Alliance], Morse has always been represented as a separate and independent entity from Mount Calvary.

(3) Edward Ingram, Jr.: 

He served as finance chairman of Morse and acted on behalf of Morse for the following:  mortgage payments, unemployment tax payments to the Internal Revenue Service (from 1996), utility payments to the City of Denton utilities, TXU, and GTE/Verizon phone company, salary and expense reimbursement checks to Morse employees, and payments for maintenance and repairs to the property.  All payments were made out of Morse funds.  Morse did not pay rent on the Morse Street property to Mount Calvary.

(4) Mary Roberson:  

She served as church clerk from 1991 to 1995 and acted on behalf of Morse for the following:  mortgage payments, utility payments to First State Bank/Denton, City of Denton utilities, salary and expense reimbursement checks to employees of Morse, and payments for maintenance and repairs to the property.   All such payments were made out of Morse’s funds.  Morse did not pay rent on the Morse Street property to Mount Calvary.

(5) Harry Eaddy:

He was chairman of finance from 1985 to 1993 and acted on behalf of Morse for the following:  mortgage payments, utilities payments to City of Denton utilities, GTE, and Lone Star Gas.  

On October 29, 2003, Mount Calvary responded to Morse’s second motion for summary judgment.  Attached to the response was another affidavit from Rev. L.E. Lawson wherein, in pertinent part, he disputed the affidavit of Rev. Stokes by stating that Rev. Stokes’s statement, “[i]n dealing with the SE Denton Ministerial Alliance, Morse Street Baptist Church has always been represented by me as a separate and independent entity from Mount Calvary Missionary Church,” is a false statement.  Also attached was a 1985 deed of trust, wherein the grantor is “MOUNT CALVARY BAPTIST CHURCH OF DENTON, TEXAS an incorporated religious association, a/k/a MORSE STREET BAPTIST CHURCH.”  There was also an adjustable rate loan rider attached which had the same information regarding Mount Calvary a/k/a Morse Street Baptist Church and a 1996 deed of trust referring to “Mount Calvary Baptist Church, Denton, Texas d/b/a Morse Street Baptist Church.” 

On December 17, 2003, the trial court signed its “Additional Order Under Rule 166a Texas Rules of Civil Procedure, and Interlocutory Judgment,” making the additional finding that “Morse Street Baptist Church has paid the mortgage, utilities, and fees for the premises for over ten years.  Morse Street Baptist Church has paid employees, has dealt with outside entities as an independent entity itself and has not paid rent to Mount Calvary Missionary Church.”  The court also found that Morse was entitled to judgment that it has obtained by limitation title, that is, adverse possession, the property at 921 Morse Street.

On January 16, 2004, the court entered its “Judgment” incorporating the previous two orders under Rule 166a(e), granting title by adverse possession of the property to Morse, and awarding attorney’s fees in the amount of $29,989.06 with remittiturs in the event no appeal was taken.

III.  Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
S.W. Elec. Power Co., 
73 S.W.3d at 215; 
Sci. Spectrum, Inc. v. Martinez
, 941 S.W.2d 910, 911 (Tex. 1997); 
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).  Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.  
Great Am.
, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true.  
Harwell v. State Farm Mut. Auto. Ins. Co.
, 896 S.W.2d 170, 173 (Tex. 1995).  Evidence that favors the movant's position will not be considered unless it is uncontroverted.  
Great Am.
, 391 S.W.2d at 47.  We hold that this standard applies to the factual findings made by the trial court under Rule 166a(e).  
Tex. R. Civ. P.
 166a(e).

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law.  
Clear Creek Basin
, 589 S.W.2d at 678.

IV.  Adverse Possession

Morse claims title under the ten-year adverse possession rule.  The ten-year adverse possession statute is found in section 16.026 of the Texas Civil Practice and Remedies Code.  It states as follows:

(a) A person must bring suit not later than 10 years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property.

(b) Without a title instrument, peaceable and adverse possession is limited in this section to 160 acres, including improvements . . . .

Tex. Civ. Prac. & Rem. Code Ann.
 § 16.026 (Vernon 2002).  Section 16.021 of the Texas Civil Practice and Remedies Code defines adverse possession as “an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person” and peaceable possession as “possession of real property that is continuous and is not interrupted by an adverse suit to recover the property.”  
Id
. 
§ 16.021(1), (3).

V.  Analysis

We construe Mount Calvary to assert five issues as follows:  (1) the trial court erred by awarding title to Morse under the ten-year limitations statute without proof that Morse rebutted the tenancy under which it occupied the premises; (2) fact issues were raised that precluded the granting of the summary judgment; (3) the summary judgment did not dispose of all issues presented to it for resolution, specifically Mount Calvary’s counterclaim; (4) the trial court did not have jurisdiction over Mount Calvary’s counterclaim and was therefore required to dismiss the suit; and (5) the trial court erred by awarding attorney’s fees to Morse.

A.  Counterclaim

We will first address Mount Calvary’s third and fourth issues related to the counterclaim, asserting that the trial court did not have jurisdiction over the counterclaim and was required to dismiss the suit after its filing, and further that there was no final judgment in the matter because the counterclaim in any event had not been addressed by the court.  Without passing on whether Mount Calvary’s single sentence counterclaim (“counter plaintiff has a legal and equitable claim to the property in question in excess of $300,000, for which it seeks recovery”) states a viable cause of action, the issues are rendered moot by inadequate briefing.  The issues of lack of jurisdiction and not being a final judgment are each “briefed” with three sentences that contain no citations to the record, no citations to case law, and a single reference to the government code provision giving jurisdiction to the Denton County Probate Court.  We adhere to the long standing rule that a court will not consider matters that are not properly presented, 
Fredonia State Bank v. Gen. Am. Life Ins. Co.
, 881 S.W.2d 279, 284 (Tex. 1994), and consider the issues waived.  Therefore, we overrule issues three and four.

B.  Refutation of tenancy at sufferance

We next turn to Mount Calvary’s first issue regarding the status of Morse as a tenant that is asserted to be a tenant at sufferance, and the failure by Morse to refute that status.

Tenancy at sufferance is created and exists where a person who has entered as a tenant for a term holds over after the expiration of the term.  
So, too, a person holding over after a judgment divesting him or her of title to real property is regarded as a tenant at sufferance of the prevailing party. 
 A tenant’s continued possession of land covered by a prior lease but omitted from a succeeding lease is as a tenant at sufferance or at will.

The distinction between a tenancy at will and a tenancy by sufferance is that in the former both the entry and the occupancy are lawful, whereas in the latter, although the entry is lawful, the occupancy is not.  A tenancy at sufferance is a lesser possessory estate than a tenant at will.  A tenant at sufferance is merely an occupant in naked possession of property after his or her right to possession has ceased.  A tenant at sufferance does not assert a claim to superior title, is not in privity with the owner, and possesses no interest capable of assignment.

49 
Tex. Jur. 3d Landlord and Tenant 
§ 13 (2003) (citations omitted) (emphasis supplied).

There are numerous property description references to the agreed judgment in the briefing of this appeal, but as previously noted, the property described in plaintiff’s original petition as being adversely possessed by Morse is “Lot 1, Block 1, Mount Calvary Baptist Addition, an addition to the city of Denton, Texas” commonly known as 921 Morse Street, whereas the property described in the agreed judgment is (1) Lot 2, Block 1, amended plat of the Jasper Addition of Denton County, Texas, being quit-claimed by Morse to Mount Calvary and (2) the property known as the Mount Calvary Baptist Church on Prairie Street, Lots 1, 2, and 3, Block 7, amended plat of the Jasper Addition of Denton County, Texas, determined to be Mount Calvary’s property.  There is no briefing nor citation to the record to reconcile this difference.  Therefore, there is no “person holding over after a judgment divesting him or her of title to real property,” i.e., no tenant at sufferance, because there is no showing in the record that the property claimed as adversely possessed was, or was to be, transferred to Mount Calvary by Morse in the agreed judgment, and hence no evidence there is a tenancy at sufferance, and therefore no need to refute an unproven status.  There is also no lease, rent payments, or other evidence cited to this court that Morse was 
ever 
a tenant of Mount Calvary.  

The landlord and tenant relationship begins when the tenant enters into possession and the landlord becomes entitled to rent.  
E.I. DuPont de Nemours & Co. v. Zale Corp
., 462 S.W.2d 355 (Tex. Civ. App.—Dallas 1970, writ ref’d n.r.e.).  No particular words are necessary, but it is indispensable that it should appear to have been the intention of one party to dispossess himself or herself of the premises and of the other to occupy them.  
Vallejo v. Pioneer Oil Co.
, 744 S.W.2d 12 (Tex. 1988).  

49 
Tex. Jur. 3d Landlord and Tenant 
§ 1 (2003).  Mount Calvary’s issue one is overruled.

VI.  Factual Sufficiency

In its second issue, Mount Calvary asserts that it raised fact questions in opposition to the summary judgment motion that would preclude the granting of summary judgment. 

Specifically, Mount Calvary asserts that a fact question was raised because its summary judgment evidence showed that Morse’s trustees continued to represent Morse as doing business as Mount Calvary Missionary Baptist Church in bank transactions and because one of Morse’s trustees was also a trustee of Mount Calvary.  While we agree that there is evidence of the foregoing and also evidence that certain members of the Mount Calvary congregation did not believe that Morse owned the property it was occupying, we must turn to the definition of adverse possession to determine what relevance, if any, the foregoing evidence has.  Recalling that adverse possession is defined as “an actual and visual appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person”
 Tex. Civ. Prac. & Rem. Code Ann.
 § 16.021(1), we find it apparent that there has been an actual and visual appropriation of real property because Morse occupied the property, held services there, paid all expenses connected with the property, and was not renting or leasing the property.  Furthermore, signage indicating that the property was the Morse Street Baptist Church was inconsistent with the claim of Mount Calvary as the owner of the property.  

The more difficult question is whether the appropriation of the property is “hostile” to the claim of Mount Calvary.  A general test applicable in determining whether a claim is hostile, for purposes of ascertaining whether title by adverse possession has been obtained, is whether the use, occupancy, and possession of the land by the adverse possessor is of such nature and character as reasonably to notify the true owner that a hostile claim is being asserted to the property.  
Elliott v. Elliott
, 597 S.W.2d 795, 801 (Tex. Civ. App.—Corpus Christi 1980, no writ).  If there is no verbal assertion of a claim to the land brought to the knowledge of the landowner, adverse possession must be so open and notorious and manifested by such open or visible act or acts that knowledge on the part of the landowner will be presumed.  
Id
.

We hold that paying all expenses associated with the property, along with holding services at the premises with a sign denominating the facility as the “Morse Street Baptist Church,” constitutes hostile possession.  We note that affidavits from Mount Calvary indicated that on occasion members from Mount Calvary were welcomed at the Morse services, but this does not constitute use of the premises by Mount Calvary or permissive use by Morse, but rather shows that visitors from Mount Calvary were allowed to observe the use that the premises were being put to by Morse.  As such, we hold that there is no material fact issue raised by Mount Calvary precluding summary judgment and overrule Mount Calvary’s second issue.

VII.  Attorney’s Fees

In its fifth issue, Mount Calvary complains that the trial court erred by awarding attorney’s fees to Morse.  We agree.  Attorney’s fees are allowed in adverse possession cases “if the prevailing party recovers possession of the property from a person unlawfully in actual possession.”  
Tex. Civ. Prac. & Rem. Code Ann.
 § 16.034 (Vernon 2002).  This is inapplicable in the case before us.   In its original petition, Morse prayed for reasonable and necessary attorney’s fees based on section 37, Texas Civil Practice and Remedies Code, that is, the Uniform Declaratory Judgments Act, specifically, presumably, under 37.004(a), which reads, “A person interested under a deed, will, written contract, or other writings constituting a contract . . . may have determined any question of construction or validity arising under the instrument, statute, [or] . . . contract . . . and obtain a declaration of rights, status, or other legal relations thereunder.” 
 Id
.
 § 37.004(a) (Vernon 1997)
.  Here, however, the court was not construing rights under a written instrument, such as a deed or contract, or even an oral agreement or contract, nor was there a question of construction or validity of a statute arising under section 16.021.  
Id
.
 § 16.021.  Rather, the underlying suit concerned the fact that Morse had occupied and used the property with an actual and visible claim that was hostile to the claim of Mount Calvary.  

A declaratory judgment should not be rendered when there is no claim that a statute or a deed is ambiguous or invalid.  It is well settled in Texas that a declaratory judgment may not be used solely as a vehicle to obtain attorney’s fees, and it is inappropriate if it will serve no useful purpose.

Boatman v. Lites
, 970 S.W.2d 41, 43 (Tex. App.—Tyler 1998, no pet.) (citations omitted). As such, we find that the award of attorney’s fees in this case under the Declaratory Judgment Act was erroneous.  

Morse asserts that this complaint was not made in the trial court and is therefore waived.  
See Krabbe v. Anadarko Petroleum Corp
., 46 S.W.3d 308, 320-21 (Tex. App.—Amarillo 2001, pet. denied).  We disagree.  
To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a); 
see also
 
Tex. R. Evid.
 103(a)(1).  If a party fails to do this, error is not preserved, and the complaint is waived.  
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).  The objecting party must get a ruling from the trial court.  This ruling can be either express or implied.  
Frazier v. Yu,
 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied).  
Mount Calvary raised the issue of attorney’s fees both in its motion for new trial and during an evidentiary hearing on attorney’s fees and received an adverse ruling from the trial court each time.  Therefore, Mount Calvary has preserved its fifth issue, and we reverse as to the award of attorney’s fees.

VIII.  Conclusion

Having overruled Mount Calvary’s issues one through four, the judgment of the trial court is affirmed as to the granting of Morse’s motion for summary judgment.  Having sustained Mount Calary’s fifth issue, we reverse that part of the judgment awarding attorney’s fees to Morse and render that Morse take nothing on its claim for attorney’s fees.  

BOB MCCOY

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and MCCOY, JJ.

DELIVERED:  July 14, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Although the agreed judgment is cited and discussed at length by both parties to this appeal, we note that the property description contained in the agreed judgment, “Lots 1, 2, and 3, Block 7, amended plat of the Jasper Addition, and Lot 2, Block 1, amended plat of the Jasper Addition,” does not comport with the property being claimed by adverse possession, described as “Lot 1, Block 1, Mount Calvary Baptist Addition.”