COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-147-CV
 
  
MOUNT 
CALVARY MISSIONARY                                             APPELLANT
BAPTIST 
CHURCH A/K/A MOUNT
CALVARY 
BAPTIST CHURCH
  
V.
  
MORSE 
STREET BAPTIST CHURCH                                            APPELLEE
 
  
------------
 
FROM 
THE PROBATE COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION ON 
REHEARING[1]
 
------------
        After 
reconsidering our prior opinion on appellant’s motion for rehearing, we grant 
the motion, withdraw our opinion and judgment dated April 28, 2005, and 
substitute the following.
I. Introduction
        In 
what is denominated two issues, but in fact appears to be five separate issues, 
Mount Calvary Missionary Baptist Church a/k/a Mount Calvary Baptist Church 
(hereinafter “Mount Calvary”) complains of the trial court’s grant of 
summary judgment to Morse Street Baptist Church (hereinafter “Morse”) and an 
award of attorney’s fees in connection with an adverse possession claim by 
Morse. We affirm as to the granting of Morse’s motion for summary judgment, 
but reverse as to the award of attorney’s fees.
II. Background
        The 
genesis of this lawsuit was a split in the membership of Mount Calvary in the 
1980s, resulting in two separate congregations. At the time of the separation, 
the Mount Calvary worship facility apparently was being constructed, at an 
expense of more than $275,000, and was around 85% complete. One result of the 
congregational separation was a lawsuit filed by Mount Calvary and certain 
individuals named as directors of Mount Calvary against “Mount Calvary Baptist 
Church of Denton, Texas a/k/a Morse Street Baptist Church” and certain 
individuals identified as trustees of Morse. On July 30, 1990, the judge of the 
16th District Court of Denton County signed an agreed judgment that provided 
that the Mount Calvary plaintiffs would retain the name “Mount Calvary Baptist 
Church” and that certain parsonage property “described as Lot 2, Block 1, 
amended plat of the Jasper Addition of Denton County, Texas” would be 
quit-claimed by Morse to Mount Calvary. The July 1990 agreed judgment further 
provided that the property known as the Mount Calvary Baptist Church on Prairie 
Street described as “Lots 1, 2, and 3, Block 7, amended plat of the Jasper 
Addition of Denton County, Texas . . . shall be the property of the Mount 
Calvary Baptist Church, and the Morse Street Baptist Church has, and shall have, 
no interest in the same.”
        On 
July 17, 2002, Morse sued Mount Calvary, claiming in excess of ten years’ 
adverse possession of the property designated as “Lot 1, Block 1, Mount 
Calvary Baptist Addition, an addition to the City of Denton, Texas” commonly 
known as 921 Morse Street, Denton, Texas, wherein “[r]ecord title to the 
aforementioned realty is possessed by Defendant [Mount Calvary].” Morse also 
requested attorney’s fees pursuant to the Uniform Declaratory Judgment Act. 
Mount Calvary filed a counterclaim to quiet title, asserting that it was the 
owner of the property in question, asserting that Morse had no interest or claim 
to such property, and requesting damages of $300,000. Mount Calvary also denied 
Morse’s allegations in a separately filed original answer.
        Following 
initial discovery by the parties, Morse filed a motion for summary judgment on 
June 4, 2003. Attached to the summary judgment motion was an affidavit by 
attorney Charles Beachley setting forth his legal background, a request for 
attorney’s fees in the amount of $9,243.75, and bills supporting his request. 
The only other summary judgment evidence submitted was an affidavit by Mary 
Roberson and the agreed judgment from the 1990 litigation. In addition to 
recounting a brief history of the split in the congregation, Roberson stated as 
follows:
   
Morse Street Baptist Church has, for over ten years prior to filing the above 
styled and numbered cause, maintained one or more obvious signs on the premises, 
labeling it Morse Street Baptist Church.  Morse Street Baptist Church has 
paid the mortgage, utilities, taxes, and fees for the premises for over ten 
years.  Morse Street Baptist Church has, for over ten years, been 
responsible for maintenance, repairs, and salaries connected to the premises and 
the operation thereof.  We have publicized events on the premises in the 
name of Morse Street Baptist Church. We are and have been separate.  In 
regard to ownership and control of our church property, we are and have been 
adverse to Mount Calvary Baptist Church for over ten years.
 
 
        Subsequent 
to the filing of this summary judgment, an “AMICUS CURIAE BRIEF AND ANSWER TO 
MOTION FOR SUMMARY JUDGMENT,” with numerous attachments, was filed by a 
“[f]riend of the [c]ourt, L. Y. JONES, private citizen.”  This was 
stricken by the trial court and is not before this court.
        On 
July 15, 2003, Mount Calvary responded to the motion for summary judgment and 
attached as summary judgment evidence Morse’s response to Mount Calvary’s 
request for admissions; a copy of the previously discussed agreed judgment; 
affidavits from Carolyn J. Phillips, Rev. L. E. Lawson, Harold Williams, Sr., 
and Huey P. Mitchell; and a May 17, 2002 letter to “Pastor Lawson” from 
Senior Pastor “A.R. Stokes.” An examination of the attachments to the 
response yields the following paraphrased affidavit evidence:
 
(1) Carolyn J. Phillips:
 
Roberson’s statement that for ten years members of both churches had 
recognized the ownership of the property at 921 Morse Street by the Morse 
members is not a true statement. Mount Calvary holds the deed to 921 Morse and 
has not abandoned its claim to owning the property.
 
(2) 
Rev. L.E. Lawson:
 
The statements set out in Roberson’s affidavit are incorrect and false in 
several respects.  No one in Mount Calvary has ever believed the people 
attending church at Morse owned the property at 921 Morse Street.  Mount 
Calvary is the record title holder for the property, and the July 1993 agreed 
judgment, which members of Morse approved, shows the ownership of Mount Calvary 
was not disputed.  Morse members, prior to the agreed judgment and 
following the signing of such document, never challenged Mount Calvary’s 
ownership of the property.  Only in 2001 did members of Morse approach 
Mount Calvary and request that it deed the property to Morse, which Mount 
Calvary refused to do.
 
(3) 
Harold Williams, Sr.:
  
The members of Mount Calvary raised more than $200,000 to build the Morse Street 
property for which Mount Calvary still holds the deed and legal title.  It 
is common knowledge among members of both groups that Mount Calvary owns the 
property.  Williams attended several functions at the 921 Morse Street 
property, along with many other members of the Morse and Mount Calvary churches, 
and there has not been any hostile or adverse occupation or use of the 
property.  For more than ten years, the members of Morse have known that 
Mount Calvary owned the property and they never did anything that rebutted or 
challenged Mount Calvary’s title to the property.  Only recently, in 
2001, did anyone come forward from the Morse group requesting that Mount Calvary 
and Morse clear up the ownership matter.  The Morse group has held itself 
out as Mount Calvary Baptist Church a/k/a Morse Street Baptist Church.
 
 
        Finally, 
on July 18, 2003, Morse filed a reply to Mount Calvary’s summary judgment 
response, objecting to certain portions of the affidavits from Mount Calvary 
without attaching any new summary judgment evidence on Morse’s behalf.  
On August 4, 2003, Mount Calvary filed a supplemental response attaching an 
affidavit from Harold Christopher Mitchell, Jr. In pertinent part, the affidavit 
stated as follows:
  
Roberson’s statement that members of both churches for ten years recognize the 
ownership by Morse Street of the property at 921 Morse Street by the Morse 
Street members, is not a correct and accurate statement . . . . I never heard 
the minister of Morse Street or deacons or other church members state that the 
property was owned by Morse . . . . Some time after 1990, I became the church 
musician for the church known as Morse Street Baptist Church, and continued to 
function in that position until the year of 1997 . . . . As Church musician for 
Morse Street I never observed any hostile or adverse possession of the property 
at 921 Morse Street by the church leaders of Morse Street against members of 
Mount Calvary Baptist Church.  The Mount Calvary Baptist Church members 
were, from my observation, always welcome . . . . Both congregations held joint 
or combined worship services at the Morse Street church between the year of 1990 
and 1997.  Joint services were held at least two or three times in the 
years or [sic] 1993 or 1994.
 
        On 
August 11, 2003, the court considered the motion for summary judgment and 
associated filings.  The court overruled an objection to Mitchell’s 
affidavit and overruled a motion to strike Roberson’s affidavit.  An 
order issued by the court stated that, “[a]lthough not granting the requested 
Summary Judgment, the Court denies the same without prejudice to the refiling of 
an enhanced or expanded motion.”  It also made the following findings, 
pursuant to Rule 166a(e) of the Texas Rules of Civil Procedure:
Over 
ten years ago, Plaintiff [Morse] and Defendant [Mount Calvary] were adverse 
parties in litigation in the 16th District Court, Denton County, Texas, and . . 
. the agreed judgment in that case has been filed with the Court and of which 
the Court takes judicial notice; and
  
The 
prior litigation in the 16th Judicial District Court concerned rights and duties 
in and in reference to the land herein in controversy as well as realty on East 
Prairie Street (which went to [Mount Calvary]);[2] and
  
[Mount 
Calvary] never brought an ejectment or eviction action against [Morse] after 
conclusion of that prior litigation; and
  
[Morse] 
has, for the ten years prior to the filing of the above styled and numbered 
cause, maintained signs on the premises herein in controversy labeling the 
premises as Morse Street Baptist Church; and
  
[Morse] 
and [Mount Calvary] have operated as separate entities for in excess of ten 
years.
  
These 
matters shall be taken as conclusively established herein.
 
The 
order was signed September 30, 2003 and entitled “ORDER UNDER RULE 166A, TEXAS 
RULES OF CIVIL PROCEDURE.”
        As 
allowed by the trial court’s order, Morse filed its second motion for summary 
judgment on September 15, 2003, attaching additional evidence in the form of 
affidavits from Rev. A.R. Stokes, Tanya Jahwar, Edward Ingram, Jr., Mary 
Robinson, and Harry Eaddy; an application for an employer identification number 
along with notice of the assigned number; a letter from John E. Baines, P.C.; a 
payroll tax liability chart and other documents associated with that liability; 
and an affidavit from Charles E. Beachley setting forth his legal qualifications 
and asking for $16,196.50 in attorney’s fees with supporting documentation. 
The affidavit testimony included the following pertinent paraphrased summary 
judgment evidence:
 
(1), (2) A.R. Stokes and Tanya Jahwar:
 
In dealing with these organizations [Denton Baptist Association, Baptist General 
Convention of Texas, North Texas Baptist Conference Center, and Southeast Denton 
Ministerial Alliance], Morse has always been represented as a separate and 
independent entity from Mount Calvary.
  
(3) 
Edward Ingram, Jr.:
  
He served as finance chairman of Morse and acted on behalf of Morse for the 
following: mortgage payments, unemployment tax payments to the Internal Revenue 
Service (from 1996), utility payments to the City of Denton utilities, TXU, and 
GTE/Verizon phone company, salary and expense reimbursement checks to Morse 
employees, and payments for maintenance and repairs to the property.  All 
payments were made out of Morse funds. Morse did not pay rent on the Morse 
Street property to Mount Calvary.
  
(4) 
Mary Roberson:
  
She served as church clerk from 1991 to 1995 and acted on behalf of Morse for 
the following: mortgage payments, utility payments to First State Bank/Denton, 
City of Denton utilities, salary and expense reimbursement checks to employees 
of Morse, and payments for maintenance and repairs to the property.  All 
such payments were made out of Morse’s funds. Morse did not pay rent on the 
Morse Street property to Mount Calvary.
  
(5) 
Harry Eaddy:
  
He was chairman of finance from 1985 to 1993 and acted on behalf of Morse for 
the following: mortgage payments, utilities payments to City of Denton 
utilities, GTE, and Lone Star Gas.

        On 
October 29, 2003, Mount Calvary responded to Morse’s second motion for summary 
judgment.  Attached to the response was another affidavit from Rev. L.E. 
Lawson wherein, in pertinent part, he disputed the affidavit of Rev. Stokes by 
stating that Rev. Stokes’s statement, “[i]n dealing with the SE Denton 
Ministerial Alliance, Morse Street Baptist Church has always been represented by 
me as a separate and independent entity from Mount Calvary Missionary Church,” 
is a false statement.  Also attached was a 1985 deed of trust, wherein the 
grantor is “MOUNT CALVARY BAPTIST CHURCH OF DENTON, TEXAS an incorporated 
religious association, a/k/a MORSE STREET BAPTIST CHURCH.”  There was 
also an adjustable rate loan rider attached which had the same information 
regarding Mount Calvary a/k/a Morse Street Baptist Church and a 1996 deed of 
trust referring to “Mount Calvary Baptist Church, Denton, Texas d/b/a Morse 
Street Baptist Church.”
        On 
December 17, 2003, the trial court signed its “Additional Order Under Rule 
166a Texas Rules of Civil Procedure, and Interlocutory Judgment,” making the 
additional finding that “Morse Street Baptist Church has paid the mortgage, 
utilities, and fees for the premises for over ten years.  Morse Street 
Baptist Church has paid employees, has dealt with outside entities as an 
independent entity itself and has not paid rent to Mount Calvary Missionary 
Church.”  The court also found that Morse was entitled to judgment that 
it has obtained by limitation title, that is, adverse possession, the property 
at 921 Morse Street.
        On 
January 16, 2004, the court entered its “Judgment” incorporating the 
previous two orders under Rule 166a(e), granting title by adverse possession of 
the property to Morse, and awarding attorney’s fees in the amount of 
$29,989.06 with remittiturs in the event no appeal was taken.
III. Standard of Review
        In 
a summary judgment case, the issue on appeal is whether the movant met its 
summary judgment burden by establishing that no genuine issue of material fact 
exists and that the movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); S.W. Elec. 
Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of Houston v. 
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  The burden 
of proof is on the movant, and all doubts about the existence of a genuine issue 
of material fact are resolved against the movant.  S.W. Elec. Power Co., 
73 S.W.3d at 215; Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 
(Tex. 1997); Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 
391 S.W.2d 41, 47 (Tex. 1965).  Therefore, we must view the evidence and 
its reasonable inferences in the light most favorable to the nonmovant. Great 
Am., 391 S.W.2d at 47.
        In 
deciding whether there is a material fact issue precluding summary judgment, all 
conflicts in the evidence are disregarded and the evidence favorable to the 
nonmovant is accepted as true.  Harwell v. State Farm Mut. Auto. Ins. 
Co., 896 S.W.2d 170, 173 (Tex. 1995).  Evidence that favors the 
movant's position will not be considered unless it is uncontroverted.  Great 
Am., 391 S.W.2d at 47.  We hold that this standard applies to the 
factual findings made by the trial court under Rule 166a(e). Tex. R. Civ. P. 166a(e).
        The 
summary judgment will be affirmed only if the record establishes that the movant 
has conclusively proved all essential elements of the movant's cause of action 
or defense as a matter of law.  Clear Creek Basin, 589 S.W.2d at 
678.
IV. Adverse Possession
        Morse 
claims title under the ten-year adverse possession rule.  The ten-year 
adverse possession statute is found in section 16.026 of the Texas Civil 
Practice and Remedies Code.  It states as follows:
  
(a) A person must bring suit not later than 10 years after the day the cause of 
action accrues to recover real property held in peaceable and adverse possession 
by another who cultivates, uses, or enjoys the property.
  
(b) 
Without a title instrument, peaceable and adverse possession is limited in this 
section to 160 acres, including improvements . . . .
 
Tex. Civ. Prac. & Rem. Code Ann. § 
16.026 (Vernon 2002).  Section 16.021 of the Texas Civil Practice and 
Remedies Code defines adverse possession as “an actual and visible 
appropriation of real property, commenced and continued under a claim of right 
that is inconsistent with and is hostile to the claim of another person” and 
peaceable possession as “possession of real property that is continuous and is 
not interrupted by an adverse suit to recover the property.”  Id. § 16.021(1), (3).
V. Analysis
        We 
construe Mount Calvary to assert five issues as follows: (1) the trial court 
erred by awarding title to Morse under the ten-year limitations statute without 
proof that Morse rebutted the tenancy under which it occupied the premises; (2) 
fact issues were raised that precluded the granting of the summary judgment; (3) 
the summary judgment did not dispose of all issues presented to it for 
resolution, specifically Mount Calvary’s counterclaim; (4) the trial court did 
not have jurisdiction over Mount Calvary’s counterclaim and was therefore 
required to dismiss the suit; and (5) the trial court erred by awarding 
attorney’s fees to Morse.
        A. Counterclaim
        We 
will first address Mount Calvary’s third and fourth issues related to the 
counterclaim, asserting that the trial court did not have jurisdiction over the 
counterclaim and was required to dismiss the suit after its filing, and further 
that there was no final judgment in the matter because the counterclaim in any 
event had not been addressed by the court.  Without passing on whether 
Mount Calvary’s single sentence counterclaim (“counter plaintiff has a legal 
and equitable claim to the property in question in excess of $300,000, for which 
it seeks recovery”) states a viable cause of action, the issues are rendered 
moot by inadequate briefing.  The issues of lack of jurisdiction and not 
being a final judgment are each “briefed” with three sentences that contain 
no citations to the record, no citations to case law, and a single reference to 
the government code provision giving jurisdiction to the Denton County Probate 
Court.  We adhere to the long standing rule that a court will not consider 
matters that are not properly presented, Fredonia State Bank v. Gen. Am. Life 
Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994), and consider the issues 
waived.  Therefore, we overrule issues three and four.
        B. Refutation of tenancy at sufferance
        We 
next turn to Mount Calvary’s first issue regarding the status of Morse as a 
tenant that is asserted to be a tenant at sufferance, and the failure by Morse 
to refute that status.
  
Tenancy at sufferance is created and exists where a person who has entered as a 
tenant for a term holds over after the expiration of the term.  So, too, 
a person holding over after a judgment divesting him or her of title to real 
property is regarded as a tenant at sufferance of the prevailing party.  A 
tenant’s continued possession of land covered by a prior lease but omitted 
from a succeeding lease is as a tenant at sufferance or at will.
  
The 
distinction between a tenancy at will and a tenancy by sufferance is that in the 
former both the entry and the occupancy are lawful, whereas in the latter, 
although the entry is lawful, the occupancy is not.  A tenancy at 
sufferance is a lesser possessory estate than a tenant at will.  A tenant 
at sufferance is merely an occupant in naked possession of property after his or 
her right to possession has ceased.  A tenant at sufferance does not assert 
a claim to superior title, is not in privity with the owner, and possesses no 
interest capable of assignment.
 
49 
Tex. Jur. 3d Landlord and Tenant § 
13 (2003) (citations omitted) (emphasis supplied).
        There 
are numerous property description references to the agreed judgment in the 
briefing of this appeal, but as previously noted, the property described in 
plaintiff’s original petition as being adversely possessed by Morse is “Lot 
1, Block 1, Mount Calvary Baptist Addition, an addition to the city of Denton, 
Texas” commonly known as 921 Morse Street, whereas the property described in 
the agreed judgment is (1) Lot 2, Block 1, amended plat of the Jasper Addition 
of Denton County, Texas, being quit-claimed by Morse to Mount Calvary and (2) 
the property known as the Mount Calvary Baptist Church on Prairie Street, Lots 
1, 2, and 3, Block 7, amended plat of the Jasper Addition of Denton County, 
Texas, determined to be Mount Calvary’s property.  There is no briefing 
nor citation to the record to reconcile this difference.  Therefore, there 
is no “person holding over after a judgment divesting him or her of title to 
real property,” i.e., no tenant at sufferance, because there is no showing in 
the record that the property claimed as adversely possessed was, or was to be, 
transferred to Mount Calvary by Morse in the agreed judgment, and hence no 
evidence there is a tenancy at sufferance, and therefore no need to refute an 
unproven status.  There is also no lease, rent payments, or other evidence 
cited to this court that Morse was ever a tenant of Mount Calvary.
  
The landlord and tenant relationship begins when the tenant enters into 
possession and the landlord becomes entitled to rent.  E.I. DuPont de 
Nemours & Co. v. Zale Corp., 462 S.W.2d 355 (Tex. Civ. App.—Dallas 
1970, writ ref’d n.r.e.).  No particular words are necessary, but it is 
indispensable that it should appear to have been the intention of one party to 
dispossess himself or herself of the premises and of the other to occupy them. Vallejo 
v. Pioneer Oil Co., 744 S.W.2d 12 (Tex. 1988).
 
49 
Tex. Jur. 3d Landlord and Tenant § 
1 (2003).  Mount Calvary’s issue one is overruled.
VI. Factual Sufficiency
        In 
its second issue, Mount Calvary asserts that it raised fact questions in 
opposition to the summary judgment motion that would preclude the granting of 
summary judgment.
        Specifically, 
Mount Calvary asserts that a fact question was raised because its summary 
judgment evidence showed that Morse’s trustees continued to represent Morse as 
doing business as Mount Calvary Missionary Baptist Church in bank transactions 
and because one of Morse’s trustees was also a trustee of Mount Calvary.  
While we agree that there is evidence of the foregoing and also evidence that 
certain members of the Mount Calvary congregation did not believe that Morse 
owned the property it was occupying, we must turn to the definition of adverse 
possession to determine what relevance, if any, the foregoing evidence 
has.  Recalling that adverse possession is defined as “an actual and 
visual appropriation of real property, commenced and continued under a claim of 
right that is inconsistent with and is hostile to the claim of another person” Tex. Civ. Prac. & Rem. Code Ann. § 
16.021(1), we find it apparent that there has been an actual and visual 
appropriation of real property because Morse occupied the property, held 
services there, paid all expenses connected with the property, and was not 
renting or leasing the property.  Furthermore, signage indicating that the 
property was the Morse Street Baptist Church was inconsistent with the claim of 
Mount Calvary as the owner of the property.
        The 
more difficult question is whether the appropriation of the property is 
“hostile” to the claim of Mount Calvary.  A general test applicable in 
determining whether a claim is hostile, for purposes of ascertaining whether 
title by adverse possession has been obtained, is whether the use, occupancy, 
and possession of the land by the adverse possessor is of such nature and 
character as reasonably to notify the true owner that a hostile claim is being 
asserted to the property.  Elliott v. Elliott, 597 S.W.2d 795, 801 
(Tex. Civ. App.—Corpus Christi 1980, no writ).  If there is no verbal 
assertion of a claim to the land brought to the knowledge of the landowner, 
adverse possession must be so open and notorious and manifested by such open or 
visible act or acts that knowledge on the part of the landowner will be 
presumed. Id.
        We 
hold that paying all expenses associated with the property, along with holding 
services at the premises with a sign denominating the facility as the “Morse 
Street Baptist Church,” constitutes hostile possession.  We note that 
affidavits from Mount Calvary indicated that on occasion members from Mount 
Calvary were welcomed at the Morse services, but this does not constitute use of 
the premises by Mount Calvary or permissive use by Morse, but rather shows that 
visitors from Mount Calvary were allowed to observe the use that the premises 
were being put to by Morse.  As such, we hold that there is no material 
fact issue raised by Mount Calvary precluding summary judgment and overrule 
Mount Calvary’s second issue.
VII. Attorney’s Fees
        In 
its fifth issue, Mount Calvary complains that the trial court erred by awarding 
attorney’s fees to Morse.  We agree.  Attorney’s fees are allowed 
in adverse possession cases “if the prevailing party recovers possession of 
the property from a person unlawfully in actual possession.” Tex. Civ. Prac. & Rem. Code Ann. § 
16.034 (Vernon 2002).  This is inapplicable in the case before us.
        In 
its original petition, Morse prayed for reasonable and necessary attorney’s 
fees based on section 37, Texas Civil Practice and Remedies Code, that is, the 
Uniform Declaratory Judgments Act, specifically, presumably, under 37.004(a), 
which reads, “A person interested under a deed, will, written contract, or 
other writings constituting a contract . . . may have determined any question of 
construction or validity arising under the instrument, statute, [or] . . . 
contract . . . and obtain a declaration of rights, status, or other legal 
relations thereunder.” Id. § 37.004(a) (Vernon 1997).  Here, 
however, the court was not construing rights under a written instrument, such as 
a deed or contract, or even an oral agreement or contract, nor was there a 
question of construction or validity of a statute arising under section 
16.021.  Id. § 16.021.  Rather, the underlying suit concerned 
the fact that Morse had occupied and used the property with an actual and 
visible claim that was hostile to the claim of Mount Calvary.
  
A declaratory judgment should not be rendered when there is no claim that a 
statute or a deed is ambiguous or invalid.  It is well settled in Texas 
that a declaratory judgment may not be used solely as a vehicle to obtain 
attorney’s fees, and it is inappropriate if it will serve no useful purpose.
 
Boatman 
v. Lites, 970 S.W.2d 41, 43 (Tex. App.—Tyler 1998, no pet.) (citations 
omitted).  As such, we find that the award of attorney’s fees in this 
case under the Declaratory Judgment Act was erroneous.
        Morse 
asserts that this complaint was not made in the trial court and is therefore 
waived.  See Krabbe v. Anadarko Petroleum Corp., 46 S.W.3d 308, 
320-21 (Tex. App.—Amarillo 2001, pet. denied).  We disagree.  To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling, if they are not apparent from the context of the 
request, objection, or motion.  Tex. 
R. App. P. 33.1(a); see also Tex. R. Evid. 103(a)(1).  If a 
party fails to do this, error is not preserved, and the complaint is 
waived.  Bushell v. Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on 
reh’g).  The objecting party must get a ruling from the trial court. This 
ruling can be either express or implied. Frazier v. Yu, 987 S.W.2d 607, 
610 (Tex. App.—Fort Worth 1999, pet. denied).  Mount Calvary raised the 
issue of attorney’s fees both in its motion for new trial and during an 
evidentiary hearing on attorney’s fees and received an adverse ruling from the 
trial court each time.  Therefore, Mount Calvary has preserved its fifth 
issue, and we reverse as to the award of attorney’s fees.
VIII. Conclusion
        Having 
overruled Mount Calvary’s issues one through four, the judgment of the trial 
court is affirmed as to the granting of Morse’s motion for summary 
judgment.  Having sustained Mount Calary’s fifth issue, we reverse that 
part of the judgment awarding attorney’s fees to Morse and render that Morse 
take nothing on its claim for attorney’s fees.
  
   
                                                                  BOB 
MCCOY
                                                                  JUSTICE
 
 
 
PANEL 
B:   LIVINGSTON, GARDNER, and MCCOY, JJ.
 
DELIVERED: 
July 14, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Although the agreed judgment is cited and discussed at length by both parties to 
this appeal, we note that the property description contained in the agreed 
judgment, “Lots 1, 2, and 3, Block 7, amended plat of the Jasper Addition, and 
Lot 2, Block 1, amended plat of the Jasper Addition,” does not comport with 
the property being claimed by adverse possession, described as “Lot 1, Block 
1, Mount Calvary Baptist Addition.”